## No. 8594.

### HENRY BIER VS. GAUTIER & GODCHAUX.
### CHARLES TURPIN, GARNISHEE.

When property of a judgment debtor exceeding $1,000 in value is seized in the hands of a garnishee, who asserts a right of pledge thereon for an amount exceeding $1,000, the matter in dispute between the seizing creditor and the garnishee, in proceedings under the garnishment, is appealable, although the amount of the seizing creditor's judgment may be less than $1,000.

In a garnishment process the judgment of the court ordering the surrender to the sheriff of the property held by the pledgee, and the sale of such property in satisfaction of the creditor's judgment, provided that no adjudication thereof be made unless the amount bid be sufficient to pay the garnishee's claim, is correct in law. In such cases the creditor cannot insist on an absolute sale, unless the amount of the bid would be sufficient to realize something for him, after satisfying the garnishee's privileged claim.

To successfully traverse the garnishee's answers the plaintiff must show that they are false, by positive written proof, or by the oath of two witnesses worthy of belief. C. P. Art. 264.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*A. C. Lewis* and *T. M. Gill* for Plaintiff and Appellant.

*Jos. P. Hornor* and *F. W. Baker* for the Garnishee and Appellee.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

FENNER, J. In execution of a judgment of plaintiff against defendants for $418, garnishment process was served upon Turpin, who answered, denying indebtedness to defendants, but stating that he held a share of stock of the New Orleans Cotton Exchange, belonging to defendants but pledged to him to secure a note of $4,500.

On further proceedings between plaintiff and garnishee, a judgment was rendered recognizing the latter's right of pledge, but ordering him to turn over the property to the sheriff to be sold, provided the bid be sufficient to cover the amount for which it is pledged.

From this judgment plaintiff appealed, and the garnishee moves to dismiss on the ground that the amount in dispute is less than one thousand dollars.

The share of stock is shown to exceed $1,000 in value.

The matter in dispute between the plaintiff and garnishee was the existence, validity and effect of the latter's pledge for $4,500, on property worth more than $1,000.

The judgment *might* have set aside or denied his pledge and ordered the property to be sold unconditionally for the satisfaction of plaintiffs' judgment, in which case the garnishee's right to appeal would hardly

have been questioned. A controversy appealable as to one party is appealable as to both.

The case falls within the principle of the following authorities : Wood vs. Rocchi, 32 An. 1120; Meyer vs. Logan, 33 An. 1055; Devonshire vs. Gauthreaux, N. R., O. B. 52, p. 428.

The motion to dismiss is denied.

---

## On the Merits.

The opinion of the Court was delivered by

POCHÉ, J.   In execution of a judgment which he held against the defendants, plaintiff issued garnishment process on Dr. Charles Turpin, who answered that, as a creditor of one of the defendants, Jules L. Gautier, he held in pledge one share of the capital stock of the New Orleans Cotton Exchange, as a security for a note of $4,500 due by said Gautier, and held by him.   Under a rule taken by plaintiff to traverse the garnishee's answers, the court ordered the sale by the sheriff of the certificate, subject to the garnishee's right of pledge to the stock, with instructions to make no adjudication unless the amount of the bid be sufficient to pay the sum of $4,500 due to the garnishee.

Plaintiff, on appeal, complains that the District Judge erred in instructing the sheriff to make no adjudication in default of a bid equal in amount at least to the garnishee's privilege claim, and he urges that the judgment should have ordered the unqualified surrender and unconditional sale of the stock, subject to the garnishee's privilege.

It strikes us that this argument involves the proposition of a distinction without a difference.

If the price bid for the pledged property is not sufficient in amount to pay and satisfy the pledgee's claim, the seizing creditor certainly realizes nothing by his execution, and hence his rights are as well protected by an instruction to make no adjudication, in case of an insufficient bid:

The requirements of the law are satisfied and the rights of the seizing creditor are amply protected by a judgment ordering the surrender to the sheriff of the pledged property, which thus becomes subject as the common pledge of the creditors, to their action, without harrassing the pledgee or impairing any of his rights under the pledge.   Horner vs. Dennis, 34 An. 389.

To require more of the pledgee would impose upon him sacrifices and a probable loss, entirely unprofitable to the seizing creditor.

The evidence introduced by plaintiff to traverse the garnishee's answer, not only fails to prove the same to be false, but substantially corroborates them.   That evidence consisted mainly of the testimony

of the garnishee himself, and it satisfies us of the unquestionable truth of his answers as garnishee and of his good faith as pledgee and as creditor.   Hence, we conclude, that there is no error in the judgment appealed from.

We note the garnishee's prayer for damages for a frivolous appeal; but we do not feel authorized to allow them in this proceeding.   He has his right of action for such damages, for the alleged depreciation of the pledged stock, as he may suffer through and by means of this litigation.

Judgment affirmed.