**FAUST v. HILL–POWERS FINANCE CORPORATION, Inc. (POWERS et al., Interveners; GUARANTY BANK & TRUST CO., Garnishee).** *

No. 4298.

Court of Appeal of Louisiana. Second Circuit.

June 15, 1932.

Overton, Dawkins & McSween, of Alexandria, for appellant.

Hakenyos, Provosty & Staples, of Alexandria, for receiver.

John R. Hunter, of Alexandria, for intervener.

McGREGOR, J.

Plaintiff, H. H. Faust, is a judgment creditor of the defendant, Hill-Powers Finance Corporation, Incorporated, in the sum of $1,500, plus interest, costs, and attorney's fees, as evidenced by a default judgment of the Ninth district court, Rapides parish, dated February 24, 1931. On February 26, 1931, the plaintiff caused to be issued a writ of fieri facias in the case, and in connection therewith presented a petition to the judge of the court, and prayed that the Guaranty Bank & Trust Company of Alexandria be made garnishee and ordered to answer certain interrogatories attached to his petition, and that in due course of time his lien and privilege resulting from the writ of fieri facias and garnishment be recognized and enforced by preference and priority to the extent of the amount of his judgment.

The Guaranty Bank & Trust Company, in its answer to the interrogatories propounded to it, stated that it has on deposit in the name of the defendant the sum of $2,040.91; that, though the said sum is on deposit in the name of the defendant, it is a disputed account claimed by various parties, to wit: Guaranty Bank & Trust Company, Interstate Trust & Bank Company of New Orleans, La., Canal Bank & Trust Company of New Orleans, La., and the Eicher-Woodland Lumber Company, Incorporated, through its receiver, John T. Powers; that said account is an escrow account under a verbal agreement, and that it is to remain in escrow until the ownership thereof is determined. It then prayed that the validity of the escrow agreement be sustained and the garnishment be set aside, and that the plaintiff take nothing thereby. In the alternative it prayed that, if the escrow agreement should be decreed to be of no effect, it, the said Guaranty Bank & Trust Company, be decreed to have superior right to all the said amount.

Subsequently, the Eicher-Woodland Lumber Company, Incorporated, acting and appearing through its receiver, John T. Powers,

*Rehearing denied June 29, 1932.

filed an intervention and third opposition in the case, and claimed the ownership of the entire fund, and prayed for judgment accordingly.

The plaintiff, H. H. Faust, traversed the answer of the Guaranty Bank & Trust Company to the interrogatories propounded to it, and prayed for judgment against the said garnishee, ordering it to pay him the full amount of his claim out of the said fund.

The Interstate Trust & Bank Company of New Orleans, La., also filed a petition of intervention and third opposition, and claimed the ownership of the entire fund. It prayed that the garnishment be dismissed and disallowed, and that the fund be ordered held by the Guaranty Bank & Trust Company under the escrow agreement until such time as judgment may be entered determining the proper ownership and distribution.

Upon the issues as thus made up and joined, the case went to trial and there was judgment: (1) That the demand of the plaintiff, H. H. Faust, for a garnishment of, and privilege upon, the fund in question be dismissed; (2) that the demands of the Canal Bank & Trust Company and of the Interstate Trust & Bank Company be dismissed as of nonsuit; and (3) that the funds in question be turned over to John T. Powers, Jr., receiver for the Eicher-Woodland Lumber Company, Incorporated, to be distributed according to law. From that judgment the plaintiff has appealed.

A careful reading and examination of the pleadings in this case convinces us that there is involved herein the ownership and distribution of the sum of $2,040.91 on deposit in the Guaranty Bank & Trust Company, in the name of the defendant, Hill-Powers Finance Corporation, Incorporated. Under the provision of section 10, article 7, of the Constitution of 1921, the appeal clearly should be lodged in the Supreme Court, and not in ours, for we have no jurisdiction to hear it. It is true that the plaintiff's judgment is for an amount within our appellate jurisdiction, but the amount of his judgment is not an issue in the case. He has garnished a bank account that exceeds $2,000, and which is claimed by the various interveners herein, as well as by the garnishee itself, and the only thing in dispute is the ownership and distribution of the said account. In the case of Testart v. Belot, 32 La. Ann. 603, the court said: "But it is well settled that where a third person enjoins the seizure under writ of fi. fa. or seizure and sale issued against another, on the ground that the property belongs to him, the matter in' dispute is the property and the ownership thereof, and the right to appeal is regulated by the value thereof."

The same ruling is found in the following cases: Meyer, Weis & Co. v. W. S. Logan, 33 La. Ann. 1055; Henry Bier v. Gautier & Godchaux, Charles Turpin, Garnishee, 35 La. Ann. 206; Wickham & Pendleton v. W. T. Nalty, Interventions of J. J. Nalty et al., 42 La. Ann. 423, 7 So. 609.

For the reasons assigned, and by virtue of the authority vested in us by Act No. 19 of 1912, the appeal herein is hereby transferred to the Supreme Court, with the proviso that the transcript be properly filed in that court within thirty days from the finality of this judgment, and, if the transcript is not so filed, the appeal shall stand as dismissed.